RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
Tel: (516)248-2121
Fax: (516)742-7675
Raymondnardo@gmail.com
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Matthew Weiss,

                Plaintiff,

    --against—

Capital One Bank (USA) N.A.,

                Defendant.
-------------------------------------------------------------X

**COMPLAINT**

**21-CV-328**

    The plaintiff, MATTHEW WEISS, by his counsel, RAYMOND NARDO, P.C., brings this action against defendant Capital One Bank (USA) N.A., alleges, as follows:

### **PRELIMINARY STATEMENT**

1) This is an action for actual, statutory, and punitive damages and counsel fees and costs brought pursuant to 15 U.S.C. § 1681 *et seq.* ("Fair Credit Reporting Act" or "FCRA"), and New York General Business Law § 380 *et seq.* (the "New York Fair Credit Reporting Act" or "NY FCRA").

### **JURISDICTION AND VENUE**

2) This court has federal question jurisdiction under 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of those state law claims asserted herein under 28 U.S.C. § 1367(a).

3) Venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4) Plaintiff is an individual residing in Ronkonkoma, NY and is a "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

5) Defendant Capital One Bank (USA) N.A. ("Capital One"), is a "data furnisher" or "furnisher," under the FRCA.

6) Defendant Capital One furnished data, including Plaintiff's data, to Credit Reporting Agencies, such as Experian, Trans Union, and Equifax.

## FACTUAL BACKGROUND

7) The plaintiff was a victim of identity theft, whereby a third party opened multiple fraudulent credit and other accounts in Plaintiff's name, which caused negative information of opened and unpaid or delinquent accounts to appear on Plaintiff's credit reports.

8) The identity thief opened an account at Capital One in Plaintiff's name.

9) In July 2020, Plaintiff sent a Federal Trade Commission Identity Theft Report ("ITR") to the Credit Reporting Agencies claiming that his identity was stolen and the following information on his credit report was inaccurate and due to the theft of his identity:

   a) Capital One credit card;

   b) NYRA;

   c) Credit One credit card;

   d) PC Richards/Synchrony credit card

10) Plaintiff never authorized nor utilized the subject credit cards or accounts, nor did he benefit from their use in any manner.

11) Plaintiff also filed one or more Police Report(s) signed by a Suffolk County Police Officer along with the ITR.

12) Plaintiff also notified Defendant Capital One that an identity thief opened an account without his consent.

13) Upon information and belief, Defendant Capital One received the ITR and Police Report from the Credit Reporting Agencies, as those agencies are required to furnish said information to the Creditors whose information is disputed.

14) As required by 15 U.S.C. § 1681c-2(a), the Credit Reporting Agencies blocked these items within 4 days.

15) On November 24, 2020, December 1, 2020, Plaintiff directly informed Defendant Capital One of the Identity Theft and fraud.

16) Defendant Capital One froze its credit reporting on the account on December 3, 2020.

17) On December 18, 2020, Defendant Capital One wrote Plaintiff that the account referenced herein was not fraudulent.

18) Defendant has previously violated Plaintiff's rights under the FCRA, compelling Plaintiff to sue Defendant on a prior occasion.

19) Defendant failed or refused to reasonably investigate Plaintiff's claims of identity theft, after Plaintiff notified Defendant of same, and Defendant willfully or negligently furnished false information to the Credit Reporting Agencies in violation of 15 U.S.C. § 1681s-2(b).

20) The fraudulent information adversely affected Plaintiff's credit rating and impaired Plaintiff economically and non-economically.

21) The fraudulent information on plaintiff's credit reports prevented him from obtaining

credit, including mortgages and credit cards, and mortgage licenses.

22) Despite Plaintiff's attempts to have this fraudulent account and information removed from his credit reports, Defendant refused to conduct a reasonable investigation of the disputed accounts, and refused to delete the fraudulent account from Plaintiff's credit report, repeatedly, in violation of the FCRA and NY FCRA.

23) As a result of Defendant's refusal to delete, reasonably investigate, or remove the subject fraudulent accounts from the plaintiff's credit reports, the plaintiff has suffered significant damages including, but not limited to, numerous denials of credit, damage to his reputation, limiting his ability to apply for credit, denial of mortgage licenses, emotional distress, aggravation, wasted time, embarrassment, and frustration.

24) Defendant's actions and inactions, contrary to the FCRA and NY CRA, lowered Plaintiff's credit score and caused him damages as set forth herein.

## AS AND FOR A FIRST CAUSE OF ACTION

25) Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

26) Capital One furnished credit data to Credit Reporting Agencies.

27) Although properly notified about inaccurate information and identity theft concerning Plaitniff's Capital One credit card, Defendant did not delete the inaccurate and fraudulent information from Plaintiff's credit bureau, in violation of the FCRA.

28) Defendant willfully (or, in the alternative, negligently) failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff's credit.

29) Defendant willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding the identity theft.

30) Defendant Capital One willfully (or, in the alternative, negligently) violated the FCRA by failing to investigate and delete the disputed derogatory information from the plaintiff's file after failing to verify the completeness and accuracy of that information, in violation of 15 U.S.C. § 1681s-2(b),

31) Defendant willfully (or, in the alternative, negligently) failed to review and consider all relevant information submitted by the plaintiff regarding his dispute.

32) Third Parties, such as the Credit Reporting Agencies, published Plaintiff's credit reports on multiple occasions containing negative and inaccurate information after the plaintiff disputed the information. The inaccurate reports caused the plaintiff economic harm via credit denials, limiting his opportunities for credit, damaging his reputation, negatively affecting his ability to obtain mortgage licenses, and causing him emotional distress.

33) Defendants are thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and 1681o.

## AS AND FOR A SECOND CAUSE OF ACTION

34) Plaintiff repeats and realleges each and every allegation as though fully set forth herein.

35) Defendant Capital One prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced data regarding plaintiff's credit and transactions, as that term is defined in NY GBL § 380-a(c)(1).

36) Such reports erroneously contained fraudulent, delinquent accounts that did not belong to the Plaintiff.

37) Defendant knew, or should have known, that its Credit Reports contained erroneous information about Plaintiff's credit, as set forth above, in violation of NY GBL § 380-j(a)(3).

38) Defendant Capital One willfully (or, in the alternative, negligently) failed to maintain reasonable procedures designed to assure maximum possible accuracy of their reports, in violation of NY GBL 380-j(e).

39) Defendant Capital One willfully (or, in the alternative, negligently) violated NY GBL § 380-f by failing to conduct a reasonable reinvestigation of the plaintiff's disputes of the fraudulent accounts.

40) Defendant Capital One published data regarding the plaintiff on multiple occasions which erroneously contained fraudulent and delinquent account that did not belong to the plaintiff, causing the plaintiff economic harm via credit denials, limiting his opportunities for credit, and damaging his reputation and causing him emotional distress.

41) Defendant is thus liable to the plaintiff for actual, statutory, economic, non-economic, and punitive damages in an amount to be determined by the trier of fact, as well as the plaintiff's reasonable attorney's fees and costs pursuant to NY GBL §§ 380-l and 380-m.

42) Plaintiff demands trial by jury.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendant as follows:

a. That this court award the Plaintiff actual damages, compensatory damages, statutory damages, economic damages, non-economic damages, punitive damages, and counsel fees for each cause of action under the FCRA, and enjoin Defendants from any further violations;

b. That this court award the Plaintiff actual damages, compensatory damages, statutory damages, economic damages, non-economic damages, punitive damages, treble damages, and counsel fees, for each cause of action under the NY GBL, and enjoin Defendants from any further violations;

c. Counsel fees, disbursements, and costs pursuant to the FCRA and NY GBL and;

d. Any such other and further relief as this court deems necessary and proper.

Dated: January 20, 2021
    Mineola, NY

Respectfully submitted,

**RAYMOND NARDO, P.C.**

By: _____
RAYMOND NARDO, ESQ.
Mineola, NY 11501
(516)248-2121 (tel)
(516)742-7675 (fax)
raymondnardo@gmail.com